**QIAN JIN LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

No. 05–0020–ag.

United States Court of Appeals, Second Circuit.

April 21, 2006.

Frank R. Liu, New York, New York, for Petitioner.

David C. Iglesias, United States Attorney, District of New Mexico; Terri J. Abernathy, Assistant United States Attorney, Las Cruces, New Mexico, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Qian Jin Lin, through counsel, petitions for review of the December 2004 BIA order denying her motion to reopen the BIA's July 2004 decision affirming the Immigration Judge's ("IJ") decision denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture. We assume the parties' familiarity with the underlying facts and procedural history.

Lin did not file a petition for review of the BIA's July 2004 decision affirming the IJ's order of removal. In her petition for review of the BIA's order denying her motion to reopen, Lin attempts to challenge the BIA's original determination affirming the IJ's order of removal. However, this Court is without jurisdiction to review the merits of the underlying exclusion proceeding. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam) ("It is ... well established that the filing of a motion to reopen does not toll the time for filing a petition for review of the BIA's final exclusion or deportation orders.").

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Lin's motion to reopen. The BIA accurately observed that Lin failed to provide any evidence to corroborate her claim that she would be persecuted in China as a result of her child born in the United States. In the absence of solid support in the record for Lin's assertion that she would be subjected to future per-

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

secution in China due to China's coercive population control practices, her fear is "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).